# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE SIMON,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 1:15-cv-01239-EPG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(ECF No. 30) |

## I.  INTRODUCTION

Plaintiff Yvonne Simon filed a complaint challenging the denial of her application for disability insurance benefits on August 10, 2015. (ECF No. 1.) On December 12, 2016, the parties stipulated to a voluntary remand of the case to the Social Security Administration. (ECF No. 28.) The Court entered judgment in Plaintiff's favor. (ECF No. 29.)

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") in the amount of $4,283.66, and $6.63 in costs, for a total of $4,290.29.[1] (ECF No. 30.) Defendant was instructed to file an opposition or statement of non-opposition no later than April 12, 2017, but never filed any response to Plaintiff's Motion. Based on the

---

[1] This amount is for a total of 22.55 hours of work, which includes fees for filing the instant motion. (Motion for Attorney Fees 3:16-18, ECF No. 30.)

1

pleadings and attachments submitted, the Court GRANTS Plaintiff's motion. Plaintiff shall be awarded fees in the amount of $4,283.66 and $6.63 in costs.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and expenses:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

When a claimant wins a remand based on an incorrect decision by the Commissioner, attorney fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified.").

### B. Analysis

In the underlying litigation, Plaintiff challenged the ALJ's decision by arguing that the ALJ: (1) incorrectly rejected the medical opinion of Carol Fetterman, M.D.; and (2) found Plaintiff not credible. After filing her opening brief, Defendant entered into a stipulation with Plaintiff to voluntarily remand the case and provide Plaintiff with a de novo hearing.

Plaintiff argues that she is the prevailing party in this litigation and is entitled to attorney's fees. Moreover, the request for $4,290.29 is reasonable because it represents payment for the number of hours and costs actually expended on this case.

#### 1. *The Commissioner's position was not substantially justified.*

"It is the government's burden to show that its position was substantially justified." *Meier*, 727 F. 3d at 870, *citing Gutierrez v. Barnhardt*, 274 F. 3d 1255, 1258 (9th Cir. 2001).

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id*., *quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis in both law and fact.'" *Id*., *citing Pierce v. Underwood*, 487 U.S. at 565. "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Id*., *citing Hardisty v. Astrue*, 592 F. 3d 1072, 1077 (9th Cir. 2001). If the government's underlying agency action was not substantially justified, it is not necessary to address whether the government's litigation position was justified. *Id*. at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified.").

Defendant has not carried her burden of showing that the underlying administrative agency decision was substantially justified. Thus, the analysis ends here and attorney fees will be granted. The Court will next consider the amount of those fees.

### 2. *Reasonability of the fees sought.*

Under the EAJA, attorney fees paid must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). The amount of the fee must be determined based on the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). To make this determination, courts should apply the "lodestar" method to determine what constitutes reasonable attorney's fees. *Id*. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Id*. at 433. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Id*. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th

Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S. 1035 (1990). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434, *quoting Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir. 1980) (en banc). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

i. Hourly rates

Plaintiff requests $190.28 per hour for the 1.45 hours spent by counsel in 2015 and $192.68 for the 20.8 hours spent in 2016 and 2017. The Ninth Circuit Court of Appeals has established rates for attorney fees at $190.28 for 2015 and $192.68 for 2016 and 2017. These rates are the applicable statutory maximum hourly rates under EAJA for attorney work performed in those years, adjusted for increases in the cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) (approving of the prescribed EAJA rate, which includes increases tied to the consumer price index); CTA9 Rule 39-1 ("In computing the applicable hourly rate under the Equal Access to Justice Act, adjusted for cost-of-living increases, counsel should be aware of the formula set forth in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005)."). Defendant does not object to the hourly rate. The Court will apply Plaintiff's requested rate.

ii. Number of hours billed

The Court has examined Plaintiff's billing records and receipts. In general, the Court defers to the prevailing lawyer's professional judgment when awarding attorney's fees. *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012). "'Lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.'" *Id., quoting Moreno*, 534 F.3d at 1112. As noted above, Defendant does not object to the number of hours billed by Plaintiff. A review of the records

reveals that the number of hours billed, including the reply brief in the instant motion, is reasonable. The Court also finds Plaintiff is entitled to $7.85 in costs.

### C. The Proper Payee Under the EAJA

Plaintiff's counsel requests that the request for EAJA fees be granted. If Plaintiff owes no qualifying debt to the government, then Plaintiff asks that the fees be paid directly to Plaintiff's counsel. Defendant does not object to this approach.

Under *Astrue v. Ratliff*, 560 U.S. 586 (2010), plaintiffs, rather than plaintiffs' attorneys, are awarded EAJA fees, subject to offset for any applicable government debts. *Id*. at 594 (the statute "makes clear that the 'prevailing party' (not her attorney) is the recipient of the fees award by requiring the *prevailing party* to demonstrate that *her* net worth falls within the range the statute requires for fees awards"). Plaintiffs may agree to assign the right to their fees to counsel, but "only after certain requirements" under the Anti-Assignment Act, 31 U.S.C. § 3727, have been satisfied. *Hill v. Comm'r of Soc. Sec.*, Case No. 1:14-cv-01813-SAB, 2016 WL 5341274, at *4 (E.D. Cal. Sept. 23, 2016). The Government has the option to waive those requirements to "pick and choose which assignments it will accept and which it will not." *Beal v. Colvin*, Case No. 14-cv-04437-YGR, 2016 WL 4761090, at *4 (N.D. Cal. Sept. 13, 2016), *quoting United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015).

The EAJA fee award shall thus be made payable to Plaintiff for a determination of whether Plaintiff owes a government debt. If Defendant determines that Plaintiff does not owe a government debt and elects to waive the requirements of the Anti-Assignment Act, payment may be made directly to Plaintiff's counsel pursuant to Plaintiff's assignment.

## III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Attorney Fees (ECF No. 30) is GRANTED. Plaintiff's counsel is awarded fees in the amount of $4,283.66, and $6.63 in costs;
2. This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), and mailed to counsel's office at 1003 Whitman Street, Tacoma, WA 98406; and,

3. If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the award may be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the award.

IT IS SO ORDERED.

Dated: **May 10, 2017**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE